IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 14-70 |
| TAIWAN GORDON CLARK, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM ORDER</u>**

Following Defendant's guilty plea to charges of possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and carrying a firearm during and in relation to a drug trafficking crime, in violation 18 U.S.C. § 924(c)(1)(A)(i), the Honorable Donetta Ambrose sentenced Defendant on January 28, 2015, to an aggregate term of 84 months' imprisonment followed by a three-year term of supervised release. (Docket No. 44).

Defendant's case was reassigned to this member of the Court on April 8, 2022, when he filed a *pro se* Motion for Early Termination of Supervised Release, and a Motion to Appoint Counsel to assist him in pursuing early termination of supervision. (*See* Docket No. 53). On April 25, 2022, the Government filed a response opposing both requests. (*See* Docket No. 60). The Court addresses Defendant's requests in turn.

1

First, after considering the applicable factors set forth in 18 U.S.C. § 3553(a),[1] a court may terminate a defendant's term of supervised release after the expiration of one year of supervision, if the court is satisfied that such action is warranted by the defendant's conduct and the interest of justice. *See* 18 U.S.C. § 3583(e)(1). The court's determination whether early termination of supervised release is warranted by the defendant's conduct and the interest of justice is a discretionary decision. *United States v. Bayard*, 537 F. App'x 41, 42 (3d Cir. 2013).

In *United States v. Melvin*, 978 F.3d 49 (3d Cir. 2020), the Third Circuit Court of Appeals clarified the standard for the district court to employ when considering whether to exercise its discretion to grant early termination of supervised release. To that end, the Third Circuit held in *Melvin* that "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Id.* at 53. In so ruling, the Third Circuit explained that "*[g]enerally*, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *Id.* (emphasis in original) (internal quotation marks and citation omitted). Nonetheless, the Court "disavow[ed] any suggestion that new or unforeseen circumstances must be shown." *Id.* Rather, a district court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* at 52 (citation omitted).

---

[1] Pursuant to 18 U.S.C. § 3583(e)(1), the applicable § 3553(a) factors are the nature and circumstances of the offense and the defendant's history and characteristics; the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentence and sentencing range established for the defendant's crimes; pertinent policy statements issued by the United States Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7).

Defendant submits in his *pro se* motion that early termination of supervised release is warranted because he has completed approximately 19 months of supervision, he maintains a stable residence, he has been consistently employed full-time since he was released from prison, and he has been spending time with his family, including his children. (*See* Docket No. 53). These are circumstances that the Court may consider in determining whether early termination of supervision is warranted, *see Melvin* 978 F.3d at 52, and some could, arguably, weigh in favor of the Court exercising its discretion to grant early termination of Defendant's supervised release. However, the record is not sufficiently developed at this juncture to permit the Court to properly consider the applicable § 3553(a) factors and any other relevant circumstances in determining whether it should so exercise its discretion. Consequently, as explained in more detail below, the Court finds that it is in the interest of justice to appoint counsel for Defendant, who will be given an opportunity to supplement Defendant's *pro se* Motion for Early Termination of Supervised Release.

Moving on to Defendant's request for appointment of counsel, the Court first observes that a defendant's right to appointed counsel " . . . extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also United States v. Hart*, 331 F. App'x 972, 973 (3d Cir. 2009) (recognizing that a defendant generally is not entitled to be represented by counsel in a post-conviction proceeding). Nonetheless, the district court has the discretion to appoint counsel to aid a defendant in connection with post-conviction proceedings, so long as the appointment is consistent with the interests of justice. *See e.g., United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008).

In determining whether to appoint counsel, a court is to consider a number of factors. *See Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993). The court first must make a threshold finding that the claim has arguable merit in fact and law. *Id.* at 155. If the motion survives this threshold

3

inquiry, the court considers a number of other factors: (1) the defendant's ability to present his case considering his education, literacy, and prior experience with litigation; (2) the complexity of the legal issues; (3) the degree to which factual investigation is required and his ability to pursue such investigation; (4) the degree to which the case turns on credibility determinations or expert testimony; and (5) the defendant's capacity to retain counsel on his own behalf. *Id.* at 155-56, 157, n.5. The list of factors is not exhaustive and no factor is determinative. *Id.* at 157.

As a threshold matter, the Court finds that Defendant's Motion for Early Termination of Supervised Release has arguable merit as already discussed. To repeat, Defendant identifies certain circumstances that the Court may consider and could, arguably, weigh in favor of the Court exercising its discretion to grant early termination of supervised release. Turning to other relevant *Tabron* factors, while litigation concerning whether early termination of supervision is warranted does not involve complex legal issues, Defendant's ability to present his case is hampered by his limited education, (*see* Docket No. 35, ¶ 59), and ability to marshal information relevant to the Court's full consideration of the matter. The Court additionally notes that Defendant previously qualified financially for the appointment of counsel, and, although he represents that he has been working since he was released from prison, the Court does not believe that Defendant's financial position would have improved so dramatically such that it would be economically feasible for him to retain counsel. For these reasons, the Court finds that the appointment of counsel to assist Defendant with his Motion for Early Termination of Supervised Release is consistent with the interests of justice, and the Court will exercise its discretion to appoint counsel for Defendant for that purpose.

Accordingly, based on the foregoing, the Court enters the following Order:

AND NOW, this 13th day of May, 2022, IT IS HEREBY ORDERED that Defendant's *pro se* Motion to Appoint Counsel (Docket No. 53) is GRANTED. The Court will contact the Federal Public Defender's Office to initiate the process of appointing counsel to represent Defendant pursuant to the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A, in connection with his Motion for Early Termination of Supervised Release.

IT IS FURTHER ORDERED that Defendant's Motion for Early Termination of Supervised Release (also filed at Docket No. 53) is HELD IN ABEYANCE. Following appointment of counsel to represent Defendant on this matter, counsel shall supplement Defendant's Motion to include all relevant information he wishes the Court to consider in connection with his request for early termination of supervised release. Defendant's supplement shall be filed within 21 days following counsel's appointment.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

Taiwan Gordon Clark (via U.S. mail)
329 Arabella Street
Pittsburgh, PA 15210