IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | )   Criminal No. 14-70 |
| TAIWAN GORDON CLARK, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER OF COURT**

Presently before the Court is Defendant Taiwan Gordon Clark's Motion for Early Termination of Supervised Release and Supplement thereto, which is opposed by the Government. (Docket Nos. 53, 60, 63, 65, 67). After careful consideration of the parties' positions, Defendant's Motion will be granted.

**I.     BACKGROUND**

Following Defendant's guilty plea to charges of possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and carrying a firearm during and in relation to a drug trafficking crime, in violation 18 U.S.C. § 924(c)(1)(A)(i), the Honorable Donetta Ambrose sentenced Defendant on January 28, 2015, to an aggregate term of 84 months' imprisonment followed by a three-year term of supervised release. (Docket No. 44).

Defendant's case was reassigned to this member of the Court on April 8, 2022, when he filed a *pro se* Motion for Early Termination of Supervised Release, and a Motion to Appoint Counsel to assist him in pursuing early termination of supervision. (*See* Docket No. 53). Defendant submits in his *pro se* Motion that early termination of supervised release is warranted

1

because he had completed approximately 19 months of supervision as of that time, he maintains a stable residence, he has been consistently employed full-time since he was released from prison, and he has been spending time with his family, including his children. (*See id.*). On April 25, 2022, the Government filed a response opposing Defendant's requests for early termination of supervised release and the appointment of counsel. (*See* Docket No. 60).

In a Memorandum and Order dated May 13, 2022, the Court found that the appointment of counsel to assist Defendant with his request for early termination of supervision is consistent with the interests of justice, and the Court exercised its discretion to appoint Attorney Marvin Miller pursuant to the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A, for that purpose. (Docket Nos. 61 at 3-5; 62). The Court held in abeyance Defendant's Motion for Early Termination of Supervised Release and ordered that appointed counsel was to supplement the Motion to include all relevant information Defendant wishes the Court to consider in connection thereto. (Docket No. 61 at 5).

On May 29, 2022, Attorney Miller filed Defendant's Supplement to his Motion, highlighting the following: Defendant has been gainfully employed while on supervised release and is regarded as a valuable employee as shown by letters submitted by his employer; he has made family a priority and has reconnected with his young daughter and son; he is in a committed relationship with someone who is supportive of him as reflected by her letter to the Court; he has fully complied with all conditions of his supervised release; he has reintegrated himself into the community by maintaining a stable job and housing; he has completed the financial obligations of his sentence; and he has no current need for programming or treatment. (Docket Nos. 63, ¶¶ 3-6, 19; 63-2; 63-3; 63-4; 63-5; 63-6; 63-8). In summary, Defendant submits that early termination is

2

warranted in light of the relevant § 3553(a) factors, his conduct, as well as the interest of justice. (Docket No. 63, ¶ 21).

The Court ordered the Government to respond to Defendant's Supplement to his Motion, and to include the position of the United States Probation Office relative to Defendant's request for early termination of supervision. (Docket No. 64). On June 17, 2022, the Government filed its Response opposing Defendant's Motion as supplemented, but did not include the Probation Office's position on the matter. (Docket No. 65). The Government argues that the nature of the controlled substance and firearms offenses to which Defendant pled guilty do not support early termination, nor does his criminal history, which includes several adjudications of delinquency and an adult conviction for possession with intent to deliver heroin for which he received a probationary sentence. (*Id.* at 2-3). The Government submits that Defendant is to be commended for the strides he has taken while on supervised release, but it nonetheless maintains that early termination is not warranted given Defendant's prior involvement with the criminal justice system and the nature of the offenses involved in this case. (*Id.* at 3).

In accordance with the Court's subsequent order, the Government supplemented its Response on July 12, 2022 to provide the Probation Office's position on Defendant's request for early termination of supervised release. (Docket Nos. 66, 67). The Government's Supplement indicates that the Probation Office is not opposed to early termination of Defendant's supervised release. (Docket No. 67).

## II.   DISCUSSION

Pursuant to 18 U.S.C. § 3583(e), a sentencing court may terminate a term of supervised release prior to its expiration. In accordance with that provision, after considering the applicable

3

factors set forth in 18 U.S.C. § 3553(a),[1] a court may terminate a defendant's term of supervised release after the expiration of one year of supervision, if the court is satisfied that such action is warranted by the defendant's conduct and the interest of justice. *See* 18 U.S.C. § 3583(e)(1). The court's determination whether early termination of supervised release is warranted by the defendant's conduct and the interest of justice is a discretionary decision. *United States v. Bayard*, 537 F. App'x 41, 42 (3d Cir. 2013).

In *United States v. Melvin*, 978 F.3d 49 (3d Cir. 2020), the Third Circuit Court of Appeals clarified the standard for the district court to employ when considering whether to exercise its discretion to grant early termination of supervised release. The Third Circuit first explained that § 3583(e)(1) requires a court entertaining a motion for early termination of supervised released to consider the applicable § 3553(a) factors. *Id.* at 52. After considering those factors, the court may provide relief "only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Id.* (citing 18 U.S.C. § 3583(e)(1)). To that end, "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (citation omitted). The Third Circuit further explained that a district court is "not required to make specific findings of fact with respect to each of these factors; rather, a statement that [the district court] has considered the statutory factors is sufficient." *Id.* at 52-53 (internal quotation marks and citation omitted).

---

[1] Pursuant to 18 U.S.C. § 3583(e)(1), the applicable § 3553(a) factors are the nature and circumstances of the offense and the defendant's history and characteristics; the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentence and sentencing range established for the defendant's crimes; pertinent policy statements issued by the United States Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7).

Importantly, the Third Circuit held in *Melvin* that "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Melvin*, 978 F.3d at 53. In so ruling, the Third Circuit explained that "extraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release, but they are not *necessary* for such termination." *Id.* (emphasis in original) (citing *United States v. Murray*, 692 F.3d 273, 279 (3d Cir. 2012)). As the Court further observed, "*[g]enerally*, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *Id.* (emphasis in original) (internal quotation marks and citation omitted). Nonetheless, it "disavow[ed] any suggestion that new or unforeseen circumstances must be shown." *Id.* To reiterate, a district court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* at 52 (citation omitted).

In view of the standard laid out in *Melvin*, this Court initially considers the pertinent § 3553(a) factors as instructed in § 3583(e)(1) to determine whether early termination of Defendant's supervision is warranted by his conduct and in the interest of justice based on his current circumstances as set forth in his Motion and Supplement.

The Court first observes that the nature and circumstances of the offenses of conviction - possession with intent to distribute a quantity of heroin, possession of a firearm by a convicted felon, and carrying a firearm during and in relation to a drug trafficking crime – are serious offenses as reflected by the significant aggregate sentence of imprisonment Judge Ambrose imposed upon Defendant. Without minimizing the seriousness of Defendant's criminal conduct in this case and his prior criminal history, (*see* Docket No. 35, ¶¶ 40-44), the current information concerning

5

Defendant's history and characteristics indicates that he has taken significant steps to rebuild his life as shown by the following:

- Defendant has been gainfully employed since his release from incarceration in August 2020. (Docket No. 63, ¶¶ 2, 3). Notably, Defendant has been employed full-time since July 2021 with the Distrikt Hotel in Pittsburgh, where he has been promoted to the position of Inspector with numerous responsibilities in the housekeeping department. (*Id.*, ¶ 3; Docket Nos. 63-2; 63-3). Donato Colucci, who is General Manager of the Sage Hospitality Group, and Alycia Hummer, who is Director of Rooms at the Distrikt Hotel and Defendant's supervisor, both wrote letters of support attesting to Defendant's strong work ethic. (Docket Nos. 63-2; 63-3). Ms. Hummer commented that she has observed Defendant "grow immensely," both personally and professionally, during his time with the company. (Docket No. 63-3).

- Defendant has prioritized his family, and now has full custody of his seven-year old daughter, who has flourished under his care. (Docket No. 63, ¶ 4). In that regard, Kerry O'Connor, who is one of Defendant's daughter's teachers writes that "[i]t is remarkable to see [his daughter's] growth . . . since residing with [him] consistently," commenting that her "grades have gone up and her achievement level has excelled." (Docket No. 63-4).

- Defendant also discovered that he has a seven-year old son, who he now sees regularly, and is happy and willing to help care for him. (Docket No. 63, ¶ 5).

- Defendant is in a committed relationship with Dionna Robinson, who he has known for over 20 years, but started dating after his release from prison. (Docket Nos. 63, ¶ 6; 63-5). According to Ms. Robinson, Defendant "has displayed a profound transformation," and he "is living a different life that the one he was living before his federal sentence." (Docket No. 63-5).

In sum, without minimizing the seriousness of Defendant's offenses of conviction, the foregoing information regarding Defendant's efforts to rebuild his life and remain a productive, law abiding citizen weigh in favor of early termination of supervision. *See* 18 U.S.C. § 3553(a)(1).

The Court also finds that the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of Defendant, and to provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(B)-(D), weigh in favor of early termination.

The sentence imposed has provided adequate deterrence and has served to protect the public because Defendant has been compliant with the conditions of his supervised released and has not engaged in any new criminal activity since his term of supervision began in August 2020, as shown by the fact that no violation petitions have been filed in his case. Moreover, there is nothing in the record presently before the Court to indicate that Defendant requires any treatment or vocational training given that he is gainfully employed.

The Court does not believe that consideration of the kinds of sentence and sentencing range established for Defendant's crimes, any pertinent policy statements issued by the United States Sentencing Commission,[2] and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. §§ 3553(a)(4), (a)(5) and (a)(6), are particularly relevant here and certainly do not weigh against early termination of supervised release. Finally, the need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7), is inapplicable in this case.

Having considered the § 3553(a) factors, the Court next assesses whether early termination is warranted by Defendant's conduct and is in the interest of justice, *see Melvin*, 978 F.3d at 52 (citing 18 U.S.C. § 3583(e)(1)), and concludes that it is. In this Court's estimation, Defendant's conduct warrants early termination for several reasons. Defendant submits that he has complied with the conditions of his supervised release, (Docket No. 63, ¶¶ 10, 19), and nothing in the record indicates to the contrary. As discussed, Defendant has reintegrated himself into the community by taking care of his family and maintaining steady employment and housing. (*See* Docket Nos. 63-

---

[2] The Court notes, however, that Application Note 5 to U.S.S.G. § 5D1.2, which addresses early termination and extension of supervised release, recognizes that a court has authority to terminate or extend a term of supervised release and encourages the court to exercise this authority in appropriate cases. For reasons discussed herein, the Court finds that this is an appropriate case in which to exercise its authority to terminate Defendant's supervised release early.

2; 63-3; 63-4; 63-8). He also has satisfied the financial obligation of his sentence by paying his special assessment. (Docket No. 63-6). Further, it is notable that the Probation Office is not opposed to the early termination of Defendant's supervised release, which underscores his compliance and laudable conduct. Finally, the interest of justice likewise warrants early termination. The Third Circuit Court of Appeals has recognized that the primary purpose of supervised release is to facilitate an offender's integration back into the community rather than to punish him. *See Murray*, 692 F.3d at 280. Based on the record before the Court, it appears that purpose has been achieved in Defendant's case for the reasons discussed herein.

### III. CONCLUSION

After considering the specified factors set forth in 18 U.S.C. § 3553(a), the Court is satisfied that early termination of Defendant's term of supervised release is warranted by his conduct and the interest of justice. Accordingly, the Court will exercise its discretion to grant early termination of Defendant's supervision.

An appropriate order follows.

### ORDER OF COURT

AND NOW, this 13th day of July, 2022, for the reasons set forth in the Memorandum above, IT IS HEREBY ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 53) is GRANTED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

United States Probation Office